**FILED**
**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **08 C 1013** |
| Plaintiff, | ) | |
| v. | ) | Civil No. _____ |
| CITY OF WAUKEGAN, ILLINOIS | ) | **JUDGE GOTTSCHALL** |
| Defendant. | ) | **MAGISTRATE JUDGE COLE** |

## COMPLAINT

The United States alleges as follows:

### NATURE OF ACTION

1. This action is brought by the United States to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*.

2. Pursuant to 42 U.S.C. § 2000cc-2(f), the United States is authorized to commence suit against a local government for injunctive or declaratory relief to enforce compliance with RLUIPA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 2000cc-2(f) and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper because the claims alleged herein arose in the Northern District of Illinois. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is the United States.

6. Defendant City of Waukegan is a governmental subdivision of the State of Illinois, located in Lake County, within the Northern District of Illinois. Waukegan is governed by a Mayor and a City Council.

7. Under Illinois law, Defendant City of Waukegan has the power to sue and be sued. ILL. COMP. STAT. 5/2-2-12 (West 2007).

8. Defendant City of Waukegan – including but not limited to the Zoning Administrator, the Development Commission, the Development Review Board, and the City Council – has the authority to regulate and restrict the use of land and structures within its borders. WAUKEGAN, IL., CODE ("Code") § 3.1.

9. For purposes of RLUIPA, Defendant constitutes a "government." 42 U.S.C. § 2000cc-5(4)(A)(i), (ii).

## ALLEGATIONS

10. Religious assemblies and institutions are not permitted or conditional uses in Waukegan Zoning Code's B-2 or B-3 Community Shopping Districts, the B-4 Central Business District, or the B-5 Central Service District. Code §§ 8.3-3, 8.3-4, 8.4-3, 8.4-4, 8.5-3, 8.6-3.

11. Nonreligious assemblies and institutions are permitted or conditional uses in Waukegan Zoning Code's B-2 and B-3 Community Shopping Districts. Specifically, "clubs and lodges, nonprofit and fraternal," "[m]eeting halls," and "[t]heater[s], indoor" are permitted uses in the B-2 and B-3 Community Shopping Districts. *Id.* §§ 8.3-3(21), (53), and (82); *Id.* §§ 8.4-4(25), (69), (107). The B-2 District also allows "[r]ecreation buildings and community centers:

noncommercial" as conditional uses, *id.* § 8.3-4(13), and the B-3 District allows "[s]tadiums, auditoriums, and arenas: open or enclosed" as conditional uses. *Id.* § 8.4-4(23).

12. Until October 2, 2006, nonreligious assemblies and institutions were permitted or conditional uses in Waukegan Zoning Code's B-4 Central Business District and the B-5 Central Service District. Specifically, "clubs and lodges, non-profit and fraternal" and "meeting halls" were permitted uses in the B-4 and B-5 Districts. Code § 8.5-3(21), (55); 8.6-3(22), (57); Ord. 06-O-151.

13. For the purposes of RLUIPA, Unity Temple Mission Church of God in Christ ("Unity Temple"), located in a B-2 Community Shopping District at 2835 West Belvedere Road, Waukegan, Illinois, constitutes a "religious assembly or institution." 42 U.S.C. § 2000cc(2)(b)(1).

14. For the purposes of RLUIPA, Iglesia Del Dios Vivo Colomna Y Apoyo De La Verdad ("Iglesia Del Dios"), located in a B-2 Community Shopping District at 434 Franklin Street, Waukegan, Illinois, constitutes a "religious assembly or institution." 42 U.S.C. § 2000cc(2)(b)(1).

15. For purposes of RLUIPA, Church's House of the New Testament d/b/a God's Hand Extended Mercy Mission ("God's Hand"), located in a B-5 Central Service District at 106 South Genesee Street, Waukegan, Illinois, constitutes a "religious assembly or institution." 42 U.S.C. § 2000cc(2)(b)(1).

16. For the purposes of RLUIPA, Church of the Good Shepherd ("Good Shepherd"), located in a B-4 Central Business District at 228 North Genesee Street, Waukegan, Illinois, constitutes a "religious assembly or institution." 42 U.S.C. § 2000cc(2)(b)(1).

17. Between approximately June 2004 and June 2006, Defendant City of Waukegan issued "Notices of Violation" to God's Hand, Unity Temple, Iglesias Del Dios, and Good Shepherd. Each Notice of Violation issued by Defendant City of Waukegan indicated that a place of worship is not a permitted or conditional use in the B-2, B-3, B-4, or B-5 District in which the religious assembly or institution was located.

## RLUIPA VIOLATION

18. Paragraphs 1 through 17 are re-alleged and incorporated in this paragraph by reference.

19. Defendant's Zoning Code constitutes the imposition or implementation of land use regulation within the meaning of RLUIPA. 42 U.S.C. § 2000cc(a)(1).

20. Defendant's actions to enforce its Zoning Code through and including, but not limited to, issuing Notices of Violation to God's Hand, Unity Temple, Iglesia Del Dios, and Good Shepherd, constitutes the imposition or implementation of land use regulation within the meaning of RLUIPA. 42 U.S.C. § 2000cc(a)(1).

21. Defendant's Zoning Code for the B-2 and B-3 Community Shopping Districts constitutes the imposition or implementation of a land use regulation that treated, and continues to treat, religious assemblies and institutions on less than equal terms than nonreligious assemblies or institutions, in violation of Section 2(b)(1) of RLUIPA, 42 U.S.C. § 2000cc(b)(1).

22.  Defendant's Zoning Code for the B-4 Central Business District and the B-5 Central Service District, prior to its October 2, 2006, amendment, constituted the imposition or implementation of a land use regulation that treated religious assemblies and institutions on less than equal terms than nonreligious assemblies or institutions, in violation of Section 2(b)(1) of RLUIPA, 42 U.S.C. § 2000cc(b)(1).

23.  Defendant's treatment of God's Hand, Unity Temple, Iglesia Del Dios, and Good Shepherd, and Defendant's actions to prevent organized religious services from taking place in B-2, B-3, B-4, and B-5 Districts, constitute the imposition or implementation of a land use regulation that treated, and continues to treat, religious assemblies and institutions on less than equal terms than nonreligious assemblies or institutions, in violation of Section 2(b)(1) of RLUIPA, 42 U.S.C. § 2000cc(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an ORDER that:

1.  Declares that Defendant's policies and practices, as alleged herein, violate RLUIPA;

2.  Enjoins Defendant, its officers, employees, agents, successors and all other persons in concert or participation with it, from treating religious assemblies and institutions on less than equal terms with nonreligious assemblies and institutions; and

3. Awards such additional relief as the interests of justice may require, together with the United States' costs and disbursements in this action.

Dated: February 19, 2008

                                            MICHAEL B. MUKASEY
                                            Attorney General

| | |
|---|---|
| | *s/ Grace Chung Becker* |
| PATRICK J. FITZGERALD | GRACE CHUNG BECKER |
| United States Attorney | Acting Assistant Attorney General |
| | |
| *s/ Joan Laser* | *s/ Steven H. Rosenbaum* |
| JOAN LASER | STEVEN H. ROSENBAUM |
| Assistant United States Attorney | Chief |
| Northern District of Illinois | |
| 219 S. Dearborn St., 5th Floor | |
| Chicago, IL 60604 | *s/ Jeffrey D. Preston* |
| | TIMOTHY J. MORAN |
| | Deputy Chief |
| | JEFFREY D. PRESTON |
| | Trial Attorney |
| | Civil Rights Division |
| | United States Department of Justice |
| | Housing and Civil Enforcement Section |
| | 950 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20530 |
| | Tel.: (202) 305-0056 |
| | Fax: (202) 514-1116 |
| | Jeff.Preston@usdoj.gov |