**RECEIVED**

**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case No. _____

**08 C 1013**

United States, )
)
         Plaintiff, )
)
vs. )
)
City of Waukegan, )
)
         Defendant. )
)

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COLE**

## CONSENT ORDER

### I. INTRODUCTION

**A. Background**

1. This consent order ("Order") is entered between the United States ("Plaintiff") and Defendant City of Waukegan ("the City" or "Defendant") (collectively "the Parties").

2. This action is brought by the United States to enforce provisions of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.* Specifically, the United States alleges that:

a) The City's zoning code ("Zoning Code" or "Code") in the B-2 and B-3 Community Shopping Districts and, prior to October 2, 2006, in the B-4 Central Business District and the B-5 Central Service District, constitute or have constituted the imposition or implementation of a land use regulation that treats religious assemblies and institutions on less than equal terms than nonreligious assemblies or institutions, in violation of Section 2(b)(1) of RLUIPA, 42 U.S.C. § 2000cc(b)(1).

b) The City's treatment of God's Hand Extended Mercy Mission ("God's Hand"), Unity

Temple Mission Church of God in Christ ("Unity Temple"), Iglesia Del Dios Vivo Colomna Y Apoyo De La Verdad ("Iglesia Del Dios"), and Church of the Good Shepherd ("Good Shepherd"), and Defendant's actions to prevent organized religious services from taking place in B-2 and B-3 Districts and, prior to October 2, 2006, the B-4 and B-5 Districts, including but not limited to, issuing Notices of Violation to God's Hand, Unity Temple, Iglesia Del Dios, and Good Shepherd indicating that a place of worship is not a permitted or conditional use in the B-2, B-3, B-4, or B-5 District in which the religious assembly or institution was located, constitute the imposition or implementation of a land use regulation that treated, and continues to treat, religious assemblies and institutions on less than equal terms than nonreligious assemblies or institutions, in violation of Section 2(b)(1) of RLUIPA, 42 U.S.C. § 2000cc(b)(1).

3. At all times relevant to this action, religious assemblies and institutions have not been permitted or conditional uses in the Zoning Code's B-2 or B-3 Community Shopping Districts. However, at all relevant times, nonreligious assemblies and institutions have been permitted or conditional uses in the Zoning Code's B-2 and B-3 Community Shopping Districts. Specifically, "clubs and lodges, nonprofit and fraternal," "[m]eeting halls," and "[t]heater[s], indoor" are permitted uses in the B-2 and B-3 Community Shopping Districts. *Id.* §§ 8.3-3(21), (53), and (82); *Id.* §§ 8.4-4(25), (69), (107). The B-2 District also allows "[r]ecreation buildings and community centers: noncommercial" as conditional uses, *id.* § 8.3-4(13), and the B-3 District allows "[s]tadiums, auditoriums, and arenas: open or enclosed," as conditional uses. *Id.* § 8.4-4(23).

4. Similarly, until October 2, 2006, nonreligious assemblies and institutions were permitted or conditional uses in the Zoning Code's B-4 Central Business District and the B-5 Central Service District. Specifically, "clubs and lodges, non-profit and fraternal" and "meeting halls" were permitted uses in the B-4 and B-5 Districts. Code § 8.5-3(21), (55); 8.6-3(22), (57); Ord. 06-O-151. However, religious assemblies and institutions were not permitted or conditional uses in the B-4 or B-5 Districts.

**B. Consent of the Parties to Entry of This Order**

5. The Parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 2000cc-2. The Parties further agree that the controversy should be resolved without further proceedings or an evidentiary hearing. The Parties also agree that the City's entry into this Consent Order and the actions undertaken by the City in accordance with the Consent Order do not constitute an admission of any liability by the City with respect to the allegations in the Complaint.

6. As indicated by the signatures below, the Parties agree to the entry of this Order.

Therefore, it is hereby **ORDERED, ADJUDGED** and **DECREED**:

**II. GENERAL INJUNCTION**

7. For the term of this Order, the City shall not:

   a. Impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution;

   b. Impose or implement a land use regulation in a manner that discriminates against any assembly or institution on the basis of religion; or

3

    c.    Otherwise engage in any conduct that violates RLUIPA.

### III. CORRECTIVE ACTION:

8. As soon as reasonably possible after entry of this Consent Order, but in any event not more than 60 days from the entry of this Consent Order, the City shall amend its Zoning Code for the B-2 and B-3 Districts so that the Code does not treat religious assemblies and institutions differently than comparable non-religious assemblies or institutions in the B-2 and B-3 Districts. The City shall provide a copy of the proposed ordinance(s) to the United States within 30 days of entry of this Order. If the United States believes that the proposed ordinance(s) does not meet the requirements of this Order, the parties shall attempt to resolve the dispute pursuant to paragraph 20.

9. Within 15 days of the entry of this Order, counsel for the City shall advise City Officials, including but not limited to the Mayor and City Councilmen, of the terms of this Order.

### IV. NOTICE

10. Within 60 days of the date of entry of this Order, the City shall implement the following procedures to ensure notice to the public of this Order and its effects:

    a. *Signage.* The Department of Planning and Zoning and Code Compliance Department shall post and maintain printed signs within sight of each public entrance to their respective offices. The signs shall state in bold, block letters, at least one half-inch high, that the City of Waukegan does not discriminate against religious exercise in violation of RLUIPA, and shall state that the City has entered into this Order and will provide a copy of it to any person upon request. The remaining text of this sign will conform to Appendix A.

4

b. *Internet Posting.* Both the Department of Planning and Zoning and the City shall post and maintain on the first page of their respective Internet home pages a notice stating that the City of Waukegan does not discriminate against religious exercise in violation of RLUIPA. The notice will state that the City has entered into this Order and will provide a copy of this Order to any person upon request. The text of this posting is provided in Appendix B.

c. *Newspaper Publication.* The City shall purchase advertising in the Waukegan News Sun Sunday edition, for three consecutive weeks, stating that the City does not discriminate against religious exercise in violation of RLUIPA. The notice will be of a size equivalent to at least one-eighth page, shall be printed in at least 12-point font, and shall state that the City has entered into this Order and will provide a copy of it to any person upon request. The text of this publication is provided in Appendix A.

d. *Notice to Past Religious Use Applicants.* Within 90 days of the date of entry of this Order, the City shall provide notice of this Order to every person, religious assembly, or institution, since January 1, 2001, who or which had applied for and was denied a conditional use permit, or other individualized land use determination, concerning the religious use of property.[1] The notice shall explain why the Commission is contacting them and shall indicate that the Department of Planning and Zoning will provide a copy of this Order upon request. A copy of

---

[1] This includes, but is not necessarily limited to, the religious assemblies or institutions identified in paragraphs 6-9 of this Order.

the form for this notice is provided in Appendix A.

## V. TRAINING

11. Within ninety (90) days after the entry of this Order, the City shall provide training on the requirements of RLUIPA to: (i) all City Councilmen; (ii) all managerial employees of the City; (iii) all Code Compliance Department officers or employees, excluding clerical staff; and (iv) all employees of the City Department of Planning and zoning, excluding clerical staff. The training shall be conducted by a qualified person or organization approved by the United States. The City shall pay all training costs. Within one-hundred twenty (120) days after the entry of this Order, the City shall secure and deliver to counsel for the United States a written certification of each employee's attendance at the RLUIPA training, together with a copy of all training materials, including but not limited to a course syllabus, if any.

12. Within 30 days of the date of entry of this Order, the City shall conduct and complete the following program for all persons with responsibilities relating to the implementation and enforcement of all zoning or land use regulations, including all Department of Planning and Zoning officers or employees, excluding clerical staff; and all Code Compliance Department officers or employees, excluding clerical staff. Such program shall include:

    a. Furnishing to each person a copy of this Order, and informing each such person, in person, of the duties of the City Administration, the Department of Planning and Zoning, and Code Compliance Department under this Order; and

    b. Securing a signed statement, appearing at Appendix C, from each such person stating that he or she has received, has read, and understands this Order and the

policy of nondiscrimination mandated by this Order, and further understands that violation of this Order may result in sanctions against the City.

13. For the duration of this Order, each person with responsibilities relating to the implementation and enforcement of all zoning or land use regulations within the City be given a copy of, and be required to read this Order, and shall sign the statement appearing at Appendix C, within 10 days after the date he or she commences membership, employment, or an agency relationship with the City Administration, Department of Planning and Zoning, or Code Compliance Department.

14. The statements prescribed by this section of the Order shall be maintained in the offices of both the Department of Planning and Zoning and the Code Compliance Department for the City for the duration of this Order.

## VI. COMPLAINT PROCEDURE

15. Within 90 days of the date of entry of this Court, the Department of Planning and Zoning and the Code Compliance Department shall establish the following procedure to address complaints by any person who believes that the City, either officially or through any one of its officers, employees, or agents, since January 1, 2001, or during the duration of this Order, and in connection with any application for a conditional use permit or other individualized land use determination concerning a religious land use, may have violated or may violate the United States Constitution or federal law. Upon complaint by such person, the City, through one of its officers, employees, or agents, shall offer to provide a written form to the complainant, and shall provide that form upon request. A copy of this form is attached as Appendix D. If the complaint is written, the Department of Planning

and Zoning shall accept and maintain the original complaint and any proposed or actual action taken by the City in response to the complaint. If the complaint is oral, the City through one of its officers, employees, or agents, shall prepare a written summary of the complaint along with the name, address, phone number, and other identifying information of the complainant and any proposed or actual action taken by the City in response to the complaint. Upon receiving any complaint, the City shall offer to provide to the complainant a copy of this Order, and shall provide a copy of this Order to the complainant upon request.

### VII. REPORTING, RECORD-KEEPING, AND MONITORING

16. No later than 180 days after the date of entry of this Order, the City shall send a report evidencing its compliance with this Order to counsel for the United States.[2] This report shall consist of the following:

   a. A signed declaration by the Mayor stating that the City has complied with Sections II–VI of this Order;

   b. Appropriate documentary evidence, including but not limited to the text of all new policies or procedures implemented as a result of this Order, demonstrating the City's compliance with Sections II–VI of this Order;

   c. Copies of all signed statements from each person described in paragraphs 12-13 of this Order; and

   d. Any written or oral complaint described in paragraph 15 of this Order. If the

---

[2] For purposes of this Order, all submissions to the United States or its counsel should be submitted to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, Attn: DJ# 210-23-10, Fax: 202-514-1116, or as otherwise directed by the United States.

complaint is written, the City shall provide a copy; if the complaint is oral, the City shall provide a copy of the written summary described in Section VI of this Order.

17. One year after the date of entry of this Order, and every six months thereafter for the term of this Order, the City shall send to counsel for the United States a written report evidencing continuing compliance with this Order. This report shall contain the following information:

   a. Copies of all new signed statements at Appendix C from each person described in paragraph 13 of this Order that have not been previously provided to counsel for the United States;

   b. Any written or oral complaint described in paragraph 15 of this Order that has not been previously provided to counsel for the United States. If the complaint is written, the City shall provide a copy; if the complaint is oral, the City shall provide a copy of the written summary described in Section VI or this Order.

IIX. **DURATION OF ORDER AND TERMINATION OF LEGAL ACTION**

18. This Consent Order shall remain in effect for three (3) years after the date of its entry.

19. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of the Order, after which time the case shall be dismissed with prejudice. The United States may move the Court to extend the duration of the Order in the interests of justice, which the City retains the right to oppose.

9

20. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by the City to perform in a timely manner any act required by this Order or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized at law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and costs and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

21. The Department of Planning and Zoning and the City shall, until this lawsuit is dismissed with prejudice as described in paragraph 19, above, preserve all records that are the source of or that contain any of the information pertinent to the City's obligations under this Order. Upon reasonable notice to counsel retained by the City, representatives of the United States shall be permitted to inspect and copy all pertinent records of the City at any and all reasonable times; provided, however, that the United States shall endeavor to minimize any inconvenience to the Department of Planning and Zoning, Code Compliance Department, or City Administration from inspection of such records.

## IX. TIME FOR PERFORMANCE

22. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the United States and the City.

## X.  COSTS OF LITIGATION

23. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

ENTERED THIS 20 day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS

The undersigned apply for and consent to the entry of this Order:

Dated: February 19, 2008.

FOR PLAINTIFF UNITED STATES OF AMERICA:

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney | GRACE CHUNG BECKER<br>Acting Assistant Attorney General |
| _s/ Joan Laser_<br>JOAN LASER<br>Assistant United States Attorney<br>Northern District of Illinois<br>219 S. Dearborn St., 5th Floor<br>Chicago, IL 60604 | _s/ Jeffrey D. Preston_<br>STEVEN H. ROSENBAUM<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>JEFFREY D. PRESTON<br>Trial Attorney<br>Civil Rights Division<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Tel.: (202) 305-0056<br>Fax: (202) 514-1116<br>Jeff.Preston@usdoj.gov |

FOR DEFENDANT CITY OF WAUKEGAN:

*s/ Robert Masini*
ROBERT MASINI
Diver, Grach, Quade & Masini, LLP
111 N. County Street
Waukegan, Illinois 60085
Tel.: 847-662-8611 ext. 234
Fax: 847-662-2960 fax
rmasini@divergrach.com

# APPENDIX A

On February __, 2008, the United States District Court for the Northern District of Illinois entered a Consent Order resolving a religious-discrimination lawsuit brought by the United States against the City of Waukegan under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), for the City's treatment of religious assemblies and institutions, including Church's House of the New Testament d/b/a God's Hand Extended Mercy Mission, Unity Temple Mission Church of God in Christ, Iglesia Del Dios Vivo Colomna Y Apoyo De La Verdad, and Church of the Good Shepherd. Under the terms of the Consent Order the City of Waukegan is required, among other things, to inform all applicants for conditional use permits or other individualized land use determinations concerning religious land uses of the applicant's rights under RLUIPA.

Under RLUIPA, no government, including the City of Waukegan, may apply a land use regulation in a manner that treats a religious assembly or institution (a church, for example) on less than equal terms than a nonreligious institution or assembly (a meeting halls, theaters, etc.).

If you believe that any local government or municipality has discriminated against you in the implementation of its zoning or land use laws, please contact the United States Department of Justice at:

(202) 514-4713

You may also write to:

**United States Department of Justice**
**Civil Rights Division**
**Housing and Civil Enforcement Section**
**950 Pennsylvania Ave. N.W. -G St**
**Washington, DC 20530**

If you would like a copy of the Consent Order referenced above and entered in United States v. City of Waukegan, Civ. No. _____ (N.D. Ill.), please contact the office of the City Department of Planning and Zoning at (847) 625-6878, and you will be provided with a copy free of charge.

**APPENDIX B**

**NOTICE OF NONDISCRIMINATION POLICY**

CONSISTENT WITH THE UNITED STATES CONSTITUTION AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, THE CITY OF WAUKEGAN DOES NOT DISCRIMINATE ON THE BASIS OF RELIGION IN THE APPLICATION OF ITS LAWS, POLICIES, OR PROCEDURES, INCLUDING THE APPLICATION OF ITS LAND USE REGULATIONS AND ZONING LAWS.

# APPENDIX C

## CERTIFICATION OF RECEIPT OF CONSENT ORDER

I _____, certify that I have received the Consent Order entered in United States v. City of Waukegan, Civ. No. _____ (N.D. Ill.). I further certify that I have read and understand the aforementioned Consent Order, that all my questions were answered concerning it, and that I understand that my violation of this Consent Order may result in sanctions against the City of Waukegan.

_____
(Signature)

_____
(Print name)

_____
(Date)

# APPENDIX D

## COMPLAINT AGAINST THE CITY OF WAUKEGAN

Under the terms of a settlement with the United States Department of Justice, the City of Waukegan is required to perform certain actions to ensure that it does not violate RLUIPA, including processing this complaint and providing you with a free copy of the Consent Order entered in United States v. City of Waukegan, Civ. No. _____ (N.D. Ill.).

Name: _____

Address: _____

Telephone: _____

Please state briefly the nature of the service or request that you made of the City of Waukegan (e.g., conditional use permit, land use determination, variance, etc.). In addition, please include a description of the religious land use or institution at issue in your request:

_____

_____

_____

Please state briefly in what way(s) you believe that the City of Waukegan may have violated your rights under the United States Constitution, federal law, the Illinois State Constitution, Illinois State law, or the City of Waukegan Code:

_____

_____

_____

If you believe that the City of Waukegan, or any other local government or municipality, has discriminated against you in the implementation of its zoning or land use laws, in addition to completing this complaint, please contact the United States Department of Justice at:

(202) 514-4713

You may also write to:

*United States Department of Justice*
*Civil Rights Division*
*Housing and Civil Enforcement Section*
*950 Pennsylvania Ave. N.W. -G St*
*Washington, DC 20530*